UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:10CR00492 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| CLIFFORD SQUARE, | ) | **ORDER** |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court upon Defendant Clifford Square's objections and motion to reconsider[1] (Doc. 46) a portion of the Magistrate Judge's Report and Recommendation ("R&R") filed March 29, 2011 (Doc. 39), concerning defendant's motion to suppress (Docs. 21, 25). The government has filed a response to Defendant's objections and motion to reconsider. (Doc. 50.) This matter is ripe for determination.

**I.     Introduction**

Defendant filed his motion to suppress (Docs. 21, 25), which was referred to Magistrate Judge George J. Limbert. (Doc. 23). Magistrate Judge Limbert held an evidentiary

---

[1] The Federal Rules of Criminal Procedure do not provide for a motion to reconsider. The Sixth Circuit, however, has held that a motion to reconsider may be treated under Rule 59(e) of the Federal Rules of Civil Procedure as a motion to alter or amend a *judgment*. *United States v. Percy*, No. 1:01cr278, 2007 WL 275969, at *1 (Jan. 25, 2007) (citing *Smith v. Hudson*, 600 F.2d 60, 62-3 (6th Cir. 1979) (emphasis added). Although a magistrate judge is authorized to preside at an evidentiary hearing on a motion to suppress evidence and is authorized to make *proposed* findings of fact, conclusions of law and a *proposed* order, the district court must make the *final adjudication* on the motion. *Campbell v. U.S. Dist. Court for N. Dist. of California*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied,* 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974) (emphasis added). Prior to the rulings herein, this Court had not yet accepted, rejected or modified the R&R or otherwise made a final adjudication on the motion. There being no final judgment on Defendant's motion to suppress, his motion to reconsider is premature. The Court thus construes Defendant's motion to reconsider as an objection to the R&R.

hearing (Doc. 29) on Defendant's Motion to Suppress and issued his R&R recommending that Defendant's motion be granted in part and denied in part. (Doc. 39.)

Defendant timely filed objections to the portion of the R&R relating to statements he made during an interviewed conducted by Detective Alexander after his arrest. (Doc. 46.) The Government responded to defendant's objections. (Doc. 50.)

Having reviewed Defendant's objections, the Government's response and the entire record, the Court is now prepared to rule on this matter. For the reasons set forth below, the defendant's objections are **OVERRULED**, and the Court hereby **ACCEPTS and ADOPTS** Magistrate Judge Limbert's R&R.

## II.    ANALYSIS

When a party timely objects to a magistrate judge's report and recommendation on a motion to suppress, a district court must conduct a de novo review of those portions of the report and recommendation to which objection is made. *See, United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001) (holding that a magistrate judge's ruling on "dispositive" motions, such as those for the suppression of evidence, must be reviewed de novo by the district court); 28 U.S.C. § 636(b)(1) (providing that a district judge "shall make a de novo determination of those portions of the magistrate judge's report to which objection is made). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's Report and Recommendation. *Hill v. Duriron Co.,* 656 F.2d 1208, 1215 (6th Cir.1981). The Court may receive further evidence, but is not required to do so. 28 U.S.C. § 636(b)(1)(C); *United States v. White*, 295 F. Supp. 2d 709, 712 (E.D. Mich. 2002) (citing 12 Fed. Prac. & Proc. Civ. § 3070.2).

Defendant's objection asserts that the portion of the R&R denying his motion to suppress statements he made during an interview with Detective Alexander after his arrest should be overruled because a video recording of that interview reveals that Detective Alexander did not advise him that he had the right to terminate questioning at any time. Defendant argues, therefore, that his Miranda waiver was not knowing and intelligent because, by failing to offer the aforementioned instruction, Detective Alexander did not ensure that he knew "that he may choose…to discontinue talking at any time." *Colorado v. Spring*, 479 U.S. 564, 574 (1987). Defendant further argues that his waiver was not knowing and voluntary because Detective Alexander advised him of his rights in a hasty matter. Defendant did not advance these arguments either in his motion to suppress or before Magistrate Limbert at the evidentiary hearing, despite the availability of the videotape at hearing.

While not addressed in the parties' filings, the Court finds that Defendant has waived his arguments. In *United States v. Howell*, the Ninth Circuit held that a district court does not abuse its discretion in refusing to consider supplemental factual allegations that a defendant did not present to the magistrate judge despite their availability at that time, but which defendant instead introduces for the first time in an objection to the R&R. 231 F.3d 615 (9th Cir. 2000) ("[A] district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation.").

Although, the Sixth Circuit "has not squarely addressed whether a party may raise new arguments before a district judge that were not presented to the magistrate," it has indicated in several cases that "a party's failure to raise an argument before the magistrate judge constitutes a waiver." *United States v. Ault*, No. 1:10cr20, 2011 WL 539710, at *2 (E.D. Tenn.

Feb. 4, 2011) (quoting *The Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 & n.2 (6th Cir. 2010) (citing *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). *See also*, *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) (citing *Murr*); *United States v. Hammond*, 234 F.3d 1270 (6th Cir. 2000) (citing *Murr*); *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998). Absent an indication of "any special circumstances…that would make reconsidering this general rule appropriate," a Court need not consider an argument that the Defendant failed to present to the magistrate judge. *Ault*, 2011 WL 539710, at *2.

No such special circumstances are present in this case; therefore, Defendant has waived his arguments. Counsel for Defendant concedes that the Government made an electronic version of the videotaped statements available via email prior to the suppression hearing. However, defense counsel asserts she was unable to open and view the email attachment. Nevertheless, there is no indication that defense counsel asked the Government to provide her with a copy of the video in an alternate format, or that if such a request was made it was refused by the Government. Counsel for the Defendant also concedes that the Government offered to play the videotape at the suppression hearing, but due to the lateness of the hour and concerns of delay, defense counsel declined the offer. (Doc. 46 at 4, n.1.) The Court is therefore not required to consider this evidence or Defendant's new arguments.

Even if the Court were to consider the argument that – because Detective Alexander read Mr. Square his rights in a hasty manner and did not instruct him that he could terminate the interview at any time, Mr. Square did not knowingly and voluntarily waive his Miranda rights – that argument is without merit. Moreover, rather than supporting Defendant's argument, the videotape lends further support for Magistratre Judge Limbert's finding that the

4

Mr. Square knowingly and voluntarily waived his Miranda rights.

In *Miranda v. Arizona*, the Supreme Court prescribed the following four now familiar warnings:

> [A suspect] must be warned prior to any questioning [1] that he has the right to remain silent, [2] that anything he says can be used against him in a court of law, [3] that he has the right to the presence of an attorney, and [4] that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.".

Florida v. Powell, 130 S. Ct. 1195, 1203, 175 L. Ed. 2d 1009 (2010) (quoting *Miranda*, 384 U.S. at 479). The precise wording of a *Miranda* warning is flexible; "no talismanic incantation is required to satisfy Miranda." *California v. Prysock*, 453 U.S. 355, 359 (1981).

Defendant relies on *Colorado v. Spring*, 479 U.S. 564, 574 (1987), for the proposition that a valid Miranda warning must also advise that a person is free to "discontinue talking at any time." However, in holding that the Miranda warnings protect the privilege against self-incrimination by ensuring a suspect knows that he may choose to stop talking to law enforcement, the Supreme Court was not altering or amending the Miranda warnings. *Id.* That is the Court did not require the additional warning that Defendant argues is required here. Rather, the Supreme Court was observing that the four warnings prescribed by Miranda, as outlined *supra*, convey the proposition that a person has a choice as to whether or not to speak, that is, he may remain silent.

Furthermore, the Sixth Circuit has held that a valid Miranda warning does not require a statement that a person "has the right to stop answering questions at any point after questioning has begun." *United States v. Ellis*, 125 F. App'x 697, 699 (6th Cir. 2004); *United States v. Gaines*, 105 F. App'x, 682, 694 (6th Cir. 2004), *vacated and remanded on other*

5

*grounds Gaines v. United States*, 543 U.S. 1114 (2005) (finding that a defendant's oral Miranda waiver and voluntary statements to police were admissible, even if the defendant was not advised of his right to terminate questioning) (citing *United States v. Davis*, 459 F.2d 167, 168-69 (6th Cir. 1972)); *United States v. Ricks*, 989 F.2d 501 (6th Cir. 1993) (rejecting the argument that a *Miranda* warning must "include the right to stop answering questions at any time"); *United States v. Davis*, 459 F.2d 167, 168-69 (6th Cir. 1972) (holding that a defendant need not be advised of the right to terminate questioning at any time).

As to Detective Alexander's alleged haste, Defendant does not cite any authority for the proposition that the speed with which a Miranda warning is given is relevant to its validity, nor has the Court been able to locate any authority for such a position.

Accordingly, Defendant's arguments that his Miranda warnings were insufficient because Detective Alexander gave them hastily and did not advise him of his right to terminate questioning are without merit. The Court has reviewed the testimony presented at hearing and concludes that Magistrate Judge Limbert's order properly held that Mr. Square knowingly, intelligently and voluntarily waived his Miranda rights. *Miranda*, 384 U.S. at 444.

Moreover, the video evidence supports the Magistrate Judge's opinion. There is no indication from the video that Detective Alexander's rendition of the Miranda warning was unintelligible or incomprehensible. Nor has Defendant presented any evidence that he did not subjectively comprehend the warnings as stated. Mr. Square acknowledged that he knew and understood his rights. Detective Alexander gave each of the now familiar warnings required by Miranda. As well, the detective directed Mr. Square's attention to a poster hanging behind him containing the very same warnings. The video depicts Mr. Square turning in his chair, his back to

the detective, to view the poster as the detective gave the warnings. Further, Detective Alexander advised Mr. Square that he did not have to talk to him, that it was "his call," that he could have a "couple days to think about it," and just prior to Mr. Square's incriminating statements, he again confirmed whether Mr. Square wanted to talk to him. Detective Alexander's demeanor was not threatening or coercive, and he repeatedly reminded Mr. Square throughout the interview that he did not have to talk to him. Defendant's verbal acknowledgment and subsequent response to the Detective's questioning is adequate to demonstrate an understanding of his rights. *Berghuis v. Thompkins*, 130 S.Ct. 2250, 2261 (2010). Based on the totality of the circumstances, the Court concludes that Defendant understood his Miranda rights and, his waiver of those rights was knowing and voluntary. *Moran v. Burbine*, 475 U.S.412, 421 (1986).

For the reasons set forth above, the Court ACCEPTS the Magistrate Judge's Report and Recommendation and OVERRULES defendant's objection.

**IT IS SO ORDERED**.

Dated: May 16, 2011

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**